**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEITH STINSON,

    Petitioner,                                 Civil No. 2:07-CV-13496
                                              HONORABLE GERALD E. ROSEN
v.                                               UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE, STAYING CASE WITH CONDITIONS, AND ADMINISTRATIVELY CLOSING THE CASE.**

Keith Stinson, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316. Petitioner has filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to raise an additional claim that is not included in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his additional claim, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. Background**

Petitioner was convicted of the above offense following a jury trial in the Genesee County Circuit Court. Petitioner's conviction was affirmed on direct appeal. *People v.*

*Stinson,* No. 241146 (Mich.Ct.App. October 23, 2003); *lv. den.* 470 Mich. 859; 679 N.W. 2d 700 (2004).

On October 4, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied by the trial court. *People v. Stinson,* No. 99-005194-FC (Genesee County Circuit Court, October 27, 2004). The Michigan appellate courts denied petitioner leave to appeal. *People v. Stinson,* No. 265204 (Mich.Ct.App. April 11, 2006); *lv. den.* 477 Mich. 910, 722 N.W.2d 818 (2006).

On or about August 2, 2007, petitioner filed a petition for writ of habeas corpus, in which he seeks habeas relief on the seven grounds which have been exhausted with the Michigan Court of Appeals and the Michigan Supreme Court on his direct appeal or in his post-conviction motion for relief from judgment.

Petitioner has now filed a motion to hold the habeas petition in abeyance so that he can return to the Genesee County Circuit Court to present a new claim in a post-conviction motion for relief from judgment, which has not yet been exhausted with the state courts.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions

2

pending the exhaustion of other claims. *See Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court is aware that petitioner has already filed one post-conviction motion in the Michigan courts. Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner contends that he has newly discovered evidence that one of the prosecution witnesses committed perjury at his trial. Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to petitioner filing such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. *See Banks,* 149 Fed. Appx. at 419-20.

The Court will therefore grant petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of

3

consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

Petitioner has shown the need for a stay, as his newly discovered evidence of perjury claim has not yet been exhausted with the state courts and the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. See 28 U.S.C. § 2244(d)(1). Direct review of petitioner's conviction ended on April 30, 2004, when the

4

Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about July 29, 2004, 90 days after the Michigan Supreme Court denied leave to appeal. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner filed a post-conviction motion for relief from judgment on October 4, 2004, sixty seven days after petitioner's conviction had become final. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one-year statute of limitations did not end until the Michigan Supreme Court completed collateral review by denying petitioner's application for leave to appeal the trial court's denial of his post-conviction motion for relief from judgment on October 31, 2006. *Hudson v. Jones,* 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999).

Petitioner thus had two hundred and ninety eight days remaining under the statute of limitations, or until August 22, 2007, to timely file his petition. Petitioner filed the instant petition on August 2, 2007. Thus, he has approximately twenty days remaining on the one-year limitations period, assuming that the Court equitably tolls the

5

time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the newly discovered evidence claim which petitioner seeks to exhaust in the state courts does not appear to be "plainly meritless." Lastly, there is no indication of intentional delay by petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending petitioner's return to the state courts to fully exhaust his habeas claims.

### III. ORDER

Accordingly, for the reasons stated, the Court **GRANTS** petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 8], and **STAYS** this action so that petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this

6

matter. *See Sitto,* 207 F. Supp. 2d at 677.


                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated: November 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2007, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager